UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY SPEKER,<br><br>Defendant. | 3:12-CR-30057-RAL<br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

After serving nearly 12 years of a 20-year sentence for sexual abuse, Bradley Speker seeks compassionate release based on his mother's terminal cancer diagnosis, which he argues constitutes an extraordinary and compelling reason to reduce his sentence. Doc. 51-1 at 9-10. For the reasons explained, this Court denies his motion.

I. **Factual Background**

On August 28, 2012, Speker pleaded guilty to sexual abuse of a minor under 18 U.S.C. §§ 1152, 2242(1), and 2246(2)(B). Docs 41, 47. On November 26, 2012, this Court imposed a custody sentence of 240 months followed by 5 years of supervised release. Doc 47. Speker is currently incarcerated at FCI Seagoville, a low security federal correctional institution in Seagoville, Texas. See Find an Inmate, Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (Federal Register No.: 11926-273). His scheduled release date is June 22, 2029. Id.

Speker applied for compassionate release through the Bureau of Prisons (BOP) on January 10, 2024. Doc 53 at 15-18. The BOP denied his request, id. at 14, and Speker then filed with this Court a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Speker

1

sought compassionate release due to his mother's failing health. Under District of South Dakota Standing Order 23-02, this Court appointed the Federal Public Defender for the Districts of North Dakota and South Dakota (the FPD) to serve as counsel for inmates like Speker on these motions, and the FPD chose not to supplement Speker's motion. The United States opposes Speker's request. Doc. 54. It saddens the Court to have learned that Speker's mother, Jacquelyn Joens, passed away on March 7, 2024, eleven days before Speker's request became ripe for this Court to review. See Jacquelyn Arlene Joens of Dupree, South Dakota, Kesling Funeral Home, https://www.keslingfuneralhome.net/obituary/jacquelyn-joens (last visited Aug. 15, 2024); Presentence Investigation Report, ¶ 50 (2012).

## II.    Legal Standard

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133-RAL, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, the compassionate release statute, as amended by the First Step Act of 2018, provides an exception to this general rule. Section 3582(c)(1)(A) allows district courts to hear and decide motions for a reduced sentence filed by prisoners themselves, so long as the prisoner exhausted all administrative rights to appeal the BOP's failure to file a motion on the prisoner's behalf, or after 30 days have passed from the receipt of such a request by the warden of the prisoner's facility, whichever is earlier. Speker submitted his administrative request for compassionate release to the warden of his facility, who subsequently denied his request. Doc. 53 at 15-18. Speker, therefore, has exhausted his administrative remedies,[1] and his motion is ripe for review.

---

[1] The Eighth Circuit has held that the § 3582(c)(1)(A) exhaustion requirement is non-jurisdictional but rather serves as a "mandatory claim-processing rule" that must be enforced if raised by the opposing party. United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021). The United States

2

Under § 3582(c)(1)(A), a district court may grant a prisoner's motion for a reduced sentence after (1) the court finds that extraordinary and compelling reasons exist;[2] (2) those reasons are consistent with the applicable policy statement promulgated by the United States Sentencing Commission, here § 1B1.13; and (3) an examination of the § 3553(a) sentencing factors supports a sentence reduction. § 3582(c)(1)(A)(i)–(ii). Congress did not define "extraordinary and compelling reasons." See 28 U.S.C. § 994(t). Instead, Congress entrusted the Sentencing Commission with issuing general policy statements that outline the "appropriate use of . . . the sentence modification provisions set forth in section[] . . . 3582(c)," including "what should be considered extraordinary and compelling reasons for sentence reduction [and] the criteria to be applied." § 994(a)(2)(c), (t).

Effective November 1, 2023, the Sentencing Commission updated the criteria for what constitutes "[e]xtraordinary and compelling reason[s]" to reduce a term of imprisonment. U.S.S.G. § 1B1.13(b). "Extraordinary and compelling reasons exist under any of the following circumstances or [through] a combination thereof": (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) being a victim of sexual or physical abuse while in custody, (5) other reasons with equal gravity as the aforementioned circumstances, and (6) unusually long sentences. A "district court has broad discretion in determining whether proffered circumstances warrant" compassionate release under the First Step Act. United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020).

---

agrees Speker exhausted his administrative remedies and does not raise any failure to exhaust argument. Doc. 54 at 1. This Court proceeds to review Speker's motion on its merits.

[2] A court may also grant a motion for a reduced sentence if the defendant is at least 70 years old and has served at least 30 years in prison, see § 3582(c)(1)(A)(ii), but Speker meets neither of those requirements. Doc. 51 at 3.

### III. Discussion

#### A. Extraordinary and Compelling Reasons

##### 1. Family Circumstances of the Defendant

The policy statement identifies four situations in which the family circumstances of the defendant constitute an extraordinary and compelling reason to reduce the defendant's sentence. The first circumstance is "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A). The second situation is "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(b)(3)(B). The third situation warranting early release is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). The final situation involves similar circumstances in which any other immediate family member or similar relationship is incapacitated, and the defendant is the only caregiver. U.S.S.G. § 1B1.13(b)(3)(D).

Speker seeks compassionate release "to make it home for the support of [his mother] who is very ill being diagnosed with terminal cancer." Doc. 51-1 at 9. Thus, his request falls under the third situation: "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Speker's motion was filed on February 12, 2024. Doc 51-1 at 8. His mother passed away on March 7, 2024, and his motion became ripe for review on March 18, 2024. See Doc 54. Because Speker's mother passed away during the time between his request and when his motion became ripe for review, he does not qualify for early release pursuant to U.S.S.G. § 1B1.13(b)(3)(C).

4

While sadly beside the point now, Speker may not have qualified for a reduction under U.S.S.G. § 1B1.13(b)(3)(C). For the circumstance to warrant early release, the defendant's parent must be "incapacitat[ed]" and the defendant must "be the only available caregiver for the parent." Id. Although Speker's mother unquestionably was "gravely ill," Doc. 53 at 4, 7, Speker did not establish that he would be the only available caregiver for his mother. Speker has five siblings, several of whom lived near his mother before she had passed. Id. at 4, 7, 9. Neither Speker's request nor his family's letters of support indicate that Speker would be the only available caregiver. See United States v. Hall, No. CR JKB-04-0323, 2022 WL 2105975, at *3 (D. Md. June 10, 2022) ("Generally, compassionate release based on family circumstances has only been granted where a defendant is the sole available caregiver for his or her minor child or a closely-related and incapacitated adult.").

### 2. Medical Circumstances of the Defendant and Other Reasons

Speker does not allege any other extraordinary and compelling reasons for his release, nor does the evidence support such a finding. Speker's medical records indicate he has chronic obstructive pulmonary disease (COPD), hypertension, and a history of colon polyps. Doc. 52. In determining whether these medical conditions constitute an extraordinary and compelling reason to reduce a defendant's sentence, this Court takes guidance from the Sentencing Commission's policy statement in § 1B1.13(b)(1).

Within this policy statement, the Sentencing Commission identified specific criteria for when a defendant's medical circumstances constitute an extraordinary and compelling reason to reduce his or her sentence:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.

5

>    Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (B) The defendant is—
>    (i)   suffering from a serious physical or medical condition,
>    (ii)  suffering from a serious functional or cognitive impairment, or
>    (iii) experiencing deteriorating physical or mental health because of the aging process,
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> (D) The defendant presents the following circumstances—
>    (i)   the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>    (ii)  due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>    (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1). Speker does not argue, nor would the evidence support, that he suffers from any of the conditions outlined in § 1B1.13(b)(1). The BOP has been treating Speker's COPD, hypertension, and polyps through medication and screenings. Doc. 52. Speker is not suffering from a terminal illness, § 1B1.13(b)(1)(A), and he is able to manage his condition through medical care provided by the BOP. Doc. 52. Thus, Speker has not shown his ability "to provide self-care within the environment of a correctional facility" has been substantially diminished. U.S.S.G. § 1B1.1(b)(1)(B)(iii).

Under § 1B1.13(b)(5), the Sentencing Commission provided a catch-all provision allowing courts to find extraordinary and compelling reasons to a reduce a sentence when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar

6

in gravity to those described in paragraphs (1) through (4)." This Court has fully considered all of Speker's alleged extraordinary and compelling grounds for release individually. This Court also has considered these alleged reasons together and finds, even in combination with one another, they do not meet the standards articulated in § 1B1.13(b)(1)–(4). No extraordinary and compelling reasons exist to reduce Speker's sentence.

### B. Section 3553(a) Sentencing Factors

Although a court need not consider the § 3553(a) factors when there are no extraordinary or compelling reasons to reduce a sentence, United States v. Brown, No. 4:18-CR-40138–LLP, 2023 U.S. Dist. Lexis 83723, *12 (D.S.D. May 9, 2023), a review of the § 3553(a) factors weighs against granting Speker compassionate release. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). These factors inform the Court's duty to ensure the sentence imposed is "'sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)[]." Pepper v. United States, 562 U.S. 476, 491 (2011).

The first factor, "the nature and circumstances of the offense and the history and characteristics of the defendant," weighs against a reduction in Speker's sentence. The nature and

circumstances are outlined in the PSR. Speker knowingly engaged in sexual acts with a minor, who was between the ages of six and eight at the time of the offenses. Presentence Investigation Report, ¶ 9 (2012). Sexual abuse of a minor is a grave offense, particularly so when a prepubescent child is the victim. See U.S.S.G. §2A3.1(b)(2)(A). The nature of Speker's offense and the age of the victim at the time of the offense weigh heavily against early release.

A sentencing judge must also consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment, as well as the need to protect the public from further crimes of the defendant and to afford adequate deterrence. § 3553(a)(2)(A)–(C). Granting compassionate release in this case would not reflect the seriousness of the offense, promote respect for the law, nor provide just punishment. This Court applauds Speker for accepting responsibility for the offense and for conducting himself positively while in BOP custody; however, this Court's interest in just punishment demands that his sentence reflect the severity of the offense.

After thoroughly reviewing the record of this case in light of the remaining § 3553(a) factors, including the kinds of sentences available, the need to avoid unwarranted sentencing disparities, and the need to provide educational, vocational, or correctional treatment in the most effective manner, this Court concludes that these factors are not served by a reduced sentence.

## IV. Conclusion and Order

No extraordinary and compelling reasons exist to grant Bradley Speker's motion for compassionate release at this time, and even if such reasons did exist, the § 3553(a) factors counsel against a reduction in his sentence. Therefore, it is hereby

ORDERED that the Motion for Compassionate Release, Doc. 46, is denied.

8

DATED this 19th day of August, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE