UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY SPEKER,<br><br>Defendant. | 3:12-CR-30057-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION TO REDUCE SENTENCE |

Defendant Bradley Speker has served 12 years of a 20-year sentence after pleading guilty to sexual abuse in violation of 18 U.S.C. §§ 1152, 2242(1), and 2246(2)(B). Doc. 47 at 1. He is currently incarcerated at FCI Seagoville, and his estimated release date is June 22, 2029. See https://www.bop.gov/inmateloc/ (Reg. No. 11926-273). Speker now moves this Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the Sentencing Guidelines. Doc. 57. The Government filed a response opposing the motion. Doc. 59. For the reasons discussed below, Speker's motion for a sentence reduction is granted.

I. **Discussion**

In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. Id. at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. Id. At step two,

1

§ 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. Id. at 827.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

In determining whether a sentence reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Further, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting § 1B1.10(b)(2)(A)).

At the time of sentencing, Speker's guideline range, based on a total offense level of 36 and a criminal history category of IV, was 262 to 327 months of imprisonment. Doc. 56 at 15. Speker received an additional 2 "status points" for committing his offense while under a criminal justice sentence, amounting to 7 total criminal history points. Id. at 10. Applying § 4A1.1(e), Speker's criminal history points are reduced to 5, placing him in Criminal History Category III.

2

See U.S.S.G., Ch. 5, Pt. A (Sentencing Table). Category III, combined with a total offense level of 36, results in a guideline range of 235 to 293 months.

This Court departed downward from the original guideline range and sentenced Speker to 240 months in custody—below the bottom end of the original guideline range of 262 months and near the bottom end of the amended guideline range of 235 months. This Court applied U.S.S.G. § 4A1.3(b)(1) to determine that Criminal History Category III more accurately reflected Speker's criminal history and dangerousness, resulting in an advisory guideline range of 235 to 293 months of imprisonment. Notwithstanding this Court's decision to depart downward from the original guideline range, Speker is eligible for sentence reduction because Part A of Amendment 821 lowered the applicable guideline range and Speker was not sentenced at the bottom of the amended guideline range. See §§ 1B1.10(a), 1B1.10(b)(2)(A). The Sentencing Guidelines contemplate such a scenario:

> [I]f the term of imprisonment imposed in the example provided above was not a sentence of 70 months (within the guidelines range) but instead was a sentence of 56 months (constituting a downward departure or variance), the court likewise may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

§ 1B1.10 cmt. 3. Thus, this Court may reduce Speker's term of imprisonment to 235 months but may not reduce it further.

After considering the sentencing factors set forth in 18 U.S.C. § 3553, this Court finds a five-month sentence reduction is warranted. Speker has accepted responsibility for his offense and has conducted himself positively while in BOP custody. Sexual abuse of a minor is a grave offense, and a 235-month sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Such a sentence is "'sufficient, but not greater than necessary,'

to comply with the sentencing purposes set forth in § 3553(a)[].” <u>Pepper v. United States</u>. 562 U.S. 476, 491 (2011).

## II.     Conclusion

Therefore, it is hereby

ORDERED that Speker's Motion for Reduction in Sentence, Doc 57, is granted. The probation officer assigned is directed to prepare an amended judgment for this Court's signature reflecting a custody sentence of 235 months with no other alterations of the terms of the original judgment.

DATED this 18th day of November, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE